**Liming QIU, Petitioner,**

v.

**John D. ASHCROFT, Attorney General of the United States, Respondent.**

No. 02–4053.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 16, 2004.

Decided Aug. 19, 2004.

Tim McCandless, Monterey Park, CA, for Petitioner.

Thomas W. Hussey, Francesco Isgro, Michele Y.F. Sarko, Emily Anne, Radford, Papu Sandhu, Allen W. Hausman, Quynh Vu, William E. Michaels, Aviva L. Poczter, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

PER CURIAM.

Liming Qiu, a citizen of China, petitions for review of an order of the Board of Immigration Appeals affirming an Immigration Judge's (IJ's) denial of her application for asylum, withholding of removal, and deferral of removal under the Convention Against Torture (CAT). Qiu testified that after the birth of her first child she had been repeatedly visited and threatened by Chinese authorities seeking to enforce a one-child policy, and that she feared persecution if she returned to China and became pregnant with a second child as she desired. *See* 8 U.S.C. § 1101(a)(42)(A) (persecution for resistance to coercive population control program is deemed persecution on account of political opinion).

After careful review of the record, we defer to the IJ's finding that Qiu lacked credibility, because that finding was sup-

ported by specific, cogent reasons for disbelief. *See Loulou v. Ashcroft,* 354 F.3d 706, 709 (8th Cir.2003). Qiu thus failed to establish her claims. *See id.* at 709–10 (Attorney General may grant asylum to aliens who are unable or unwilling to return to their country of origin because of persecution or well-founded fear of persecution on account of political opinion); *Francois v. INS,* 283 F.3d 926, 932–33 (8th Cir.2002) (standard for withholding of removal is more onerous than standard for asylum); 8 C.F.R. § 208.16(c)(2) (CAT claimant must show it is more likely than not she would be tortured if removed to proposed country).

Accordingly, we deny the petition.